IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

CASE NO.:

BLUTRICH HOLDINGS, INC., an Ontario
Corporation,

    Plaintiff,
vs.

TEN MUSEUM PARK RESIDENTIAL
CONDOMINIUM ASSOCIATION, INC.,
a Florida non-profit corporation,

    Defendant.
_____/

**COMPLAINT FOR DAMAGES AND DEMAND FOR JURY TRIAL**

Plaintiff, Blutrich Holdings, Inc., an Ontario corporation (hereinafter "plaintiff unit owner") sues the defendant, Ten Museum Park Residential Condominium Association, Inc., a Florida non-profit corporation (hereinafter "defendant association") for damages and demands trial by jury regarding all issues so triable as follows.

**INTRODUCTION, JURISDICTION AND VENUE ALLEGATIONS**

1.    This is a cause of action for damages and is subject to the Court's jurisdiction through diversity of citizenship pursuant to 28 U.S.C.A. § 1332(a) (1-4) as the amount in controversy is in excess of Seventy-Five Thousand Dollars ($75,000.00); exclusive of attorneys' fees, costs and related expenses; and the parties are located in different states and countries.

2.    Plaintiff unit owner is a foreign corporation that is principally domiciled and doing business in the province of Ontario and the Country of Canada and is the owner of certain residential property located in the association in the Southern District of Florida; Miami Division.

3.    The residential property is commonly described as 1040 Biscayne Blvd., PH 4607, Miami, Florida 33132 and legally described as Unit No.: 4607 of Ten Museum Park Residential Condominium, a Condominium, according to the Declaration of Condominium recorded in

Case 1:21-cv-23913-XXXX   Document 1   Entered on FLSD Docket 11/05/2021   Page 2 of 6

*Blutrich Holdings vs. Ten Museum Park*
*Residential Condominium Association*
*Case No.:*

Official Records Book 25712, Page 1549 and all exhibits and amendments thereof, Public Records of Miami Dade County, Florida (hereinafter "the residential property").

4. Plaintiff unit owner purchased the residential property in July, 2018, as evidenced by a recorded warranty deed. The warranty deed provides, in part, that the residential property is subject to the governing documents.

5. The defendant association is a Florida non-profit corporation that is domiciled and doing business in the Southern District of Florida; Miami Division. The association provides the operation and maintenance of the individual units within the building structure; outlined by the governing documents. The association's governing documents are attached hereto as **EXHIBIT "A"[1]**.

6. Venue properly lies in the Southern District of Florida because the parties are all domiciled in different countries and the residential property is a unit located in the building and governed by the defendant association and its governing documents.

## GENERAL ALLEGATIONS

7. The governing documents tracks Chapter 718, Florida Statutes as it provides that the defendant association is required to maintain the common elements of the building. Section 17.2 of the governing documents provides, in part, that if the unit owner is required to bring an action for negligence against the association and prevails in such action, the unit owner is entitled to recover its attorneys' fees and any additional amounts as determined by the court to be necessary to reimburse the unit owner for the unit owner's share of assessments levied by the association to fund its expenses in the litigation.

8. Further, Florida Statute Section 718.303 provides, in part, that the association and the unit owner are required to comply with both Chapter 718, Florida Statutes, and the governing

---

[1] While there appears to be a separate operating entity, or The Ten Museum Park Master Association, it appears from a review of the governing documents that such operating entity is limited to the operation and management of specific common elements that do not have a bearing on the damages to the residential property or the common elements that caused the damages to the residential property. However, the plaintiff unit owner reserves the right to amend the pleadings at the appropriate juncture in the event it is determined that the common elements that are governed by the master association are responsible, in whole or in part, for the damages sustained to the residential property.

Case 1:21-cv-23913-XXXX   Document 1   Entered on FLSD Docket 11/05/2021   Page 3 of 6

*Blutrich Holdings vs. Ten Museum Park*
*Residential Condominium Association*
*Case No.:*

documents of the association.  It further provides that in actions for the failure to comply with either (i) the governing documents or (ii) Chapter 718, Florida Statutes, may be brought by, in part, the unit owner against, in part, the association and that the prevailing party in such action is entitled to recover a reasonable attorney fee.

9. The association's cooling unit is located on the rooftop.  The cooling unit and the rooftop are each common elements of the defendant association; as that term is defined by both the governing documents and Chapter 718, Florida Statutes.  Further, the maintenance obligations are the exclusive responsibility of the defendant association.

10. In early, 2021, the cooling unit on the rooftop and/or the roof of the building leaked (hereinafter "occurrence").  The roofing system of the defendant association had been the source of other water damages prior to the date of the occurrence.  There is no evidence that the defendant association took corrective action to remedy the defects associated with the roof of the building at any time prior to the occurrence.  The faulty air conditioning systema and/or the defective roof that had been deteriorating over a substantial period of time resulted in water leaking from the common elements of the building and into the interior units directly underneath the rooftop.  Those units are the Penthouse Units within the building.  One of the Penthouse Units is the residential property.

11. The residential property was not spared by the occurrence.

12. The plaintiff unit owner communicated the issue to the defendant association.  The defendant association admitted responsibility for the occurrence through an email dated February 11, 2021.

13. The association further acknowledged being on prior actual notice regarding the issue with the rooftop cooling unit.  It admitted that it was not able to repair the unit and then failed to notify the unit owners that the unit was an issue.  Further, there is no evidence that the roofing structure was ever remediated and/or mitigated to ensure that the flashing and other penetrations on the roofing structure would not create openings by which water could enter.

Case 1:21-cv-23913-XXXX   Document 1   Entered on FLSD Docket 11/05/2021   Page 4 of 6

*Blutrich Holdings vs. Ten Museum Park*
*Residential Condominium Association*
*Case No.:*

14. The rooftop cooling unit and/or openings caused by the deterioration in the roofing system resulted in the penetration of water from the rooftop of the building envelope and caused ensuing damages into the units directly below the rooftop, or the penthouse units.

15. Unit owner's residential property is one of the penthouse units. The residential property was not spared.

16. Plaintiff unit owner retained the services of a public adjuster. The public adjuster provided the plaintiff unit owner with two separate estimates. The estimates are attached hereto as **COMPOSITE EXHIBIT "B"**.

17. The first estimate provides for the cost of restoration arising from the occurrence. The net claim for the cost of restoration arising from the occurrence exceeds Seven Hundred Thousand Dollars ($715,870.72). The second estimate provides for the loss of use during the period of restoration. The estimate for the loss of use claim exceeds Two Hundred Thousand Dollars ($200,000.00).

18. All conditions precedent has been met or has otherwise been waived and/or satisfied.

## COUNT I—NEGLIGENCE

19. Plaintiff unit owner readopts and reincorporates the allegations contained in Paragraphs 1 through 18, inclusive, as if specifically incorporated herein.

20. This is a cause of action sounding in negligence against the defendant association.

21. The defendant association has a contractual duty to properly maintain the common elements of the association.

22. The defendant association was on actual knowledge that there were issues with the rooftop cooling unit and the roofing system and failed and/or refuse to repair it or advise the unit owners, including the plaintiff unit owner, of the issue at the time that it had actual knowledge of the issue.

Case 1:21-cv-23913-XXXX   Document 1   Entered on FLSD Docket 11/05/2021   Page 5 of 6

*Blutrich Holdings vs. Ten Museum Park*
*Residential Condominium Association*
*Case No.:*

23. As a direct and proximate result of the defendant's inability to either properly maintain the unit and/or advise the residents of the issue with the coolant at the time that it had actual knowledge, the plaintiff unit owner incurred damages.

24. The damages are evidenced by (i) the estimate associated with the repair of the residential property arising from the occurrence; (ii) the out-of-pocket costs and related expenses associated with the loss of use of the residential property and the cost of residing in a like kind property during the period of restoration; and (iii) any other damages arising from the occurrence.

## DEMAND FOR ATTORNEYS' FEES AND COSTS

25. Plaintiff unit owner demands a reasonable attorney fee and court costs against the defendant association as per the governing documents.

**WHEREFORE**, Plaintiff unit owner demands the entry of a judgment for damages associated with the defendant association's negligence in the maintaining of the common elements of the defendant association and further demands any further relief, including reasonable attorneys' fees, costs, and expenses, that the Court deems fair, just, and equitable.

## COUNT II—CLAIM FOR DAMAGES AS PER FLORIDA STATUTE SECTION 718.303

26. Plaintiff readopts and reincorporates the allegations contained in Paragraphs 1 through 18, inclusive, as if specifically incorporated herein.

27. This is as cause of action sounding in a claim for damages as per Florida Statute Section 718.303(1).

28. The defendant association was 100% responsible for the maintaining the common elements including (i) the rooftop and (ii) the rooftop cooling unit and failed to ensure that either the rooftop and/or the cooling unit was repaired and then failed to further ensure that the unit owners were informed of the faulty roofing system and/or the rooftop coolant.

29. As a direct and proximate result of this conduct, the plaintiff unit owner incurred damages.

*Blutrich Holdings vs. Ten Museum Park*
*Residential Condominium Association*
*Case No.:*

## DEMAND FOR ATTORNEYS' FEES, COSTS AND EXPENSES

30. Plaintiff unit owner demands prevailing party attorneys' fees, costs, and expenses as per Florida Statute Section 718.303.

**WHEREFORE,** Plaintiff unit owner request the entry of a judgment against the defendant association for the violation of the governing documents and Florida Statute Section 718.303 and further demands any further relief, including reasonable attorneys' fees, costs, and expenses, that the Court deems fair, just and equitable.

## DEMAND FOR TRIAL BY JURY

31. Plaintiff demands the right to a trial by jury regarding all issues so triable.

Dated this the 5th day of November, 2021.

        Respectfully submitted,

        THE LAW OFFICES OF GEOFFREY D. ITTLEMAN, P.A.
        955 S. FEDERAL HWY, SUITE 339
        Fort Lauderdale, Florida 33316
        Tel: (954) 462-8340
        Fax: (954) 324-2037
        geoffrey@ittlemanlaw.com

        -and-

        OMID JOHN, P.A.
        110 SE 6th Street, Suite 1700
        Fort Lauderdale, Florida 33301
        Tel: (954) 205-4247
        esq@omidjohn.com

By:    /s/ *Geoffrey Ittleman*
        Geoffrey D. Ittleman, Esq.
        Fla. Bar No.: 377790
        Omid Esmailzadegan, Esq.
        Fla. Bar No.: 1004142